IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00653-RPM-KLM

HARRY HARDEN, and
MELODY HARDEN,

        Plaintiffs,

v.

KRABLOONIK, INCORPORATED,
JOHN and JANE DOES 1-10,

        Defendants.

## PROTECTIVE ORDER

**THIS COURT**, finding good cause exists to grant the entry of a protective order and being otherwise fully advised, HEREBY APPROVES the same and HEREBY ORDERS as follows:

1. This Protective Order shall apply to the <u>transcript and video recordings</u> for December 17, 2014 testimony by Daniel MacEachen as the Krabloonik Inc. Fed. R. Civ. P. 30(b)(6) deponent, in the above-captioned case ("Records").

2. These Records shall not, without the consent of Daniel MacEachen or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. The parties, their employees, and their agents;

    b. Counsel for the parties, including their in-house counsel, if any, who are not involved in management of business affairs of their company;

    c. Retained and non-retained expert witnesses endorsed as experts by counsel for the parties;

    d. Investigators or consulting, non-endorsed experts, retained by either party;

    e. Witnesses identified in any party's Fed.R.Civ.P. 26(a) disclosures;

    f. The adjusters of any insurance company providing a defense to any of the parties and any insurance company who may have a duty to indemnify any of the parties;

    g. Court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial;

    h. Jurors; and

    i. Clerical personnel and paralegal assistants employed by counsel for the parties.

3. Prior to disclosing the Records to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order.

4. Any excerpts from the Records included as an exhibit to any pleading to the Court in this action shall be designated as "CONFIDENTIAL" by the filing party and shall be ordered sealed by and filed as sealed with the Court such that only the parties to this action shall have access to the Records.

5. The Records shall be used only in connection with this lawsuit, and for no other purpose whatsoever.

6.      Any person in possession of the Records shall exercise reasonable and appropriate care with regard to the storage, custody or use of the Records in order to ensure that disclosure does not occur to unauthorized persons.

7.      If the Records are disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure and to obtain consent and acknowledgement of this Protective Order from the party to whom inadvertent disclosure was made.

8.      The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties and any non-party in possession of the Records.

9.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 17th day of December, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
District Court Judge